KAREN INFANTE ALLEN
TRUMBULL CO CLERK OF COURTS
2021 CV 00377
FILED: 04/13/2021 10:17 AM

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| MEGAN STANISLAW<br>1721 WEST AVE. N.W.<br>WARREN, OHIO 44483 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| PLAINTIFF | )<br>) | |
| V. | )<br>)<br>) | COMPLAINT<br>(Jury Demand Endorsed Hereon) |
| CITY OF WARREN, OHIO<br>391 MAHONING AVE, N.W.<br>WARREN, OHIO 44483, | )<br>)<br>)<br>) | Other - Civil |
| DEFENDANT | ) | |

Now comes Plaintiff Megan Stanislaw pursuant to Civ. R. 8 and for her claims against Defendant City of Warren would show the Court as follows:

### I. PARTIES

1. Plaintiff Megan Stanislaw is an individual residing in Warren, Ohio and at all times relevant hereto was an employee as that term is defined by R.C. §4112.01(A)(3), a person with a disability as defined by R.C. §4112.01(A)(13) and (16) and an employee as defined by 29 U.S.C. §2611(2).

2. Defendant City of Warren is a municipality as defined by Ohio law and at all times hereto was an employer as defined by R.C. §4112.01(A)(2) and 29 U.S.C. §2611(4).

### II. JURISDICTION

3. This Court has subject matter jurisdiction pursuant to R.C. §4112.99 and 29 U.S.C. §2617(a)(2).

### III. VENUE

4. Venue of this matter is proper in Trumbull County as the events that give rise to Plaintiff's claims occurred in Trumbull County.

### IV. BACKGROUND FACTS

5. Plaintiff has been employed as an employee in the Utilities Department for the City of Warren for a total of over 18 years.

6. After one year of employment, Plaintiff had worked in excess of 1250 hours and became eligible for leave under the Family and Medical Leave Act as the City is an employer with more than fifty employees within 75 miles of City Hall.

7. In or near October 2019 Plaintiff was diagnosed with multiple sclerosis, a disability as defined by R.C. § 4112.01(A)(16)(a)(iii).

8. At the time of Plaintiff's diagnosis, she was a shift leader of the Filtration Plant earning in excess of $20.00 per hour.

9. Plaintiff applied for leave under the Family and Medical Leave Act for treatment of her condition in August 2019. Her leave was approved by the City.

10. After approximately two months on FMLA leave, Plaintiff was cleared by her physician to return to her duties at the Filtration plant.

11. Plaintiff was prevented from returning to her previous position as a shift leader by the City's Utility Director and was reassigned to an administrative position in the Utility Department's offices with a reduction in pay of some $3.00 per hour.

12. The Utility Department had a prior female employee who was diagnosed with multiple sclerosis. In order to accommodate this employee, she was assigned to a position as a Utility Service Representative until her retirement.

13. After being refused a return to her prior position, one for which she did not need an accommodation, she requested an accommodation to be assigned to work as a Utility Department Representative.

14. This request was denied by the Director who permitted a less qualified employee with less seniority that Plaintiff to remain in this position.

15. In her position as an administrative assistant, Plaintiff was supervised by Deborah DelBene, the Office Manager.

16. From Plaintiff's return to work in November 2019 to the present, DelBene has engaged in an ongoing scheme to harass Ms. Stanislaw due to her disability.

17. This harassment has taken the form of extremely close supervision of Plaintiff's work, questioning her abilities, demanding to know when Plaintiff will apply for a disability retirement, and making false accusations that Ms. Stanislaw was a bully and racist.

18. This harassment was severe and / or pervasive and affected Plaintiff's ability to perform her duties in a stress-free environment as prescribed by her physician.

19. Plaintiff complained about DelBene's conduct to the Utility Department management and the Human Resources Department on more than one occasion without success.

## V.    DISABILITY DISCRIMINATION

20. Plaintiff incorporates the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. The foregoing conduct of Defendant constitutes disability discrimination in that Plaintiff is a person with a disability, regarded by the City as having a disability or having a history of a disability in violation of R.C. 4112.02(A).

22. Despite several requests, Defendant has failed to accommodate Plaintiff's disability and

has created a hostile environment in which Plaintiff is required to work.

23. The hostile environment created and fostered by the City includes failing to return Plaintiff to her shift leader position in the Filtration Plant upon her return from FMLA leave, failing to assign her to Utility Service Representative position and forcing her to endure the conduct of her supervisor DelBene.

24. This hostile environment is severe or pervasive and affects the ability of Plaintiff to perform her duties.

25. As a result of Defendant's conduct, Plaintiff has suffered non-economic damages in the form of stress, pain, mental anguish, fear and other similar emotional distress in an amount to be determined at trial.

26. Defendant's conduct was willful and intentional and warrants an award of punitive damages including attorneys' fees in an amount to be determined at trial.

## VI.  FAMILY AND MEDICAL LEAVE ACT

27. Plaintiff incorporates the allegations contained in paragraphs 1 through 26 inclusive as if fully set forth herein.

28. Defendant has interfered with Plaintiff's exercise of her FMLA rights by failing to return her to her previous position as a Filtration Plant shift leader upon her return from FMLA leave in November 2019 as required by 29 U.S.C. § 2614(a)(1)(A) or to an equivalent position with equivalent benefits as required by 29 U.S.C. § 2614(a)(1)(B).

29. Such conduct constitutes interference with Plaintiff's FMLA rights in violation or 29 U.S.C. § 2615(a)(1).

30. As a result of Defendant's actions as set forth above, Plaintiff is entitled to recover her lost

wages and benefits in an amount to be determined at trial pursuant to 29 U.S.C. § 2617(a)(1)(A) and an equal amount as liquidated damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii).

31. Plaintiff is also entitled to recover her reasonable attorneys' fees and the costs of this action pursuant to 29 U.S.C. §2617(a)(3).

WHEREFORE, for the foregoing reasons Plaintiff requests judgment against Defendant as follows:

A. That Plaintiff be awarded her economic losses in an amount to be determined at trial;

B. That Plaintiff be awarded future earnings in an amount to be determined at trial;

C. That Plaintiff be awarded her non-economic damages for her mental anguish and pain and suffering in an amount to be due at trial;

D. That Plaintiff be awarded punitive damages for Defendant's intentional and willful conduct including attorneys' fees and the costs of this action;

E. That Plaintiff be awarded liquidated damages in an amount equal to her economic losses pursuant to 29 U.S.C. §2617(a)(1)(A)(iii); and

F. That Plaintiff be awarded her attorneys' fees and the costs of this action pursuant to 29 U.S.C. §2617(a)(3).

Respectfully submitted,

*/s/ F. Benjamin Riek III*
F.Benjamin Riek III (0022703)
Law Offices of F. Benjamin Riek III
21 Furnace St., Suite 808
Akron, Ohio 44308-1964
(330) 410-2518

Email: fbenjaminr@msn.com

Counsel for Plaintiff

**JURY DEMAND**

Pursuant to Civ. R. 38 Plaintiff demands a trial by jury on all issues so triable.

*/s/ F. Benjamin Riek III*

Instructions to the Clerk:

Please serve the Defendant by Certified Mail, Return Receipt Requested with Summons and Complaint to the address above.

*/s/ F. Benjamin Riek III*
F.Benjamin Riek III (0022703)

**KAREN INFANTE ALLEN**
Trumbull County Clerk of Courts
161 High Street NW
Warren, Ohio 44481

CITY OF WARREN
391 MAHONING AVE NW
WARREN, OH  44483
2021 CV 00377