PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MEGAN STANISLAW, | ) | |
| | ) | CASE NO.  4:21-CV-01029 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CITY OF WARREN, OHIO | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |
| | ) | [Resolving ECF No. 24] |

Defendant has filed a Motion for Summary Judgment.  ECF No. 24.  The motion has been

fully briefed.  ECF Nos. 33, 35.  In accordance with the Court's Case Management Order, the

parties also filed a Joint Stipulation of Undisputed Facts.[1]  ECF No. 19.  For the following reasons,

Defendant's Motion for Summary Judgment is granted.

## I. Background

Plaintiff is a career employee of Defendant, having worked for the City of Warren's Water

Department for more than 18 years.  ECF No. 21 at PageID #: 115.  Prior to the events giving rise

to this case, Plaintiff worked as the Executive Secretary to the Director of Utilities from December

of 2013 to July of 2017.  Id. at PageID #: 117.  In July of 2017, Plaintiff applied for and received

---

[1]  "The trial court is not required to search the entire record to establish that a genuine
issue of material fact exists." Malee v. Anthony & Frank Ditomaso, Inc., No. 1:16CV490, 2018
WL 1805402, at *2 (N.D. Ohio Apr. 16, 2018) (citing Tucker v. Tennessee, 539 F.3d 526, 531
(6th Cir. 2008)) (abrogated on other grounds).  "'[I]f a party fails to properly support an
assertion of fact or fails to properly address another party's assertion of fact as required by Rule
56(c),' the court may determine that fact is undisputed." Malee, No. 1:16CV490, 2018 WL
1805402, at *2 (quoting Fed. R. Civ. Pro. 56(e)(2)).

(4:21-CV-01029)

an appointment to the position of Shift Leader at the Water Filtration Plant.  ECF No. 31-1. Defendant imposed two testing requirements onto Plaintiff.  First, Defendant required Plaintiff to take an Ohio Environmental Protection Agency Class I Water Operator Certificate examination and obtain at least a 35% score by the end of Plaintiff's first year in the Shift Leader position.  ECF No. 21 at PageID #: 261.  Second, Defendant required Plaintiff to obtain a passing result for the same examination and tender a Class I Water Operator Certificate (the "Certificate") to the City of Warren by the end of Plaintiff's second year in the position.  Id. at PageID #: 282.  These requirements were outlined in a Memorandum of Understanding between Defendant and AFSCME, Ohio Council 8, Local 74, the union representing the non-management employees of the City of Warren.  ECF No. 23 at PageID #: 481.  According to the Memorandum of Understanding, if Plaintiff failed to obtain the Certificate, she would be removed from the Shift Leader position and returned to her Executive Secretary position, or an equivalent position at the same rate of pay as an Executive Secretary.  Id.  Defendant moved the date on which Plaintiff was to begin the Shift Leader position back from July of 2017 to September of 2017 so that she could train her replacement for the Executive Secretary role, and the testing dates were changed accordingly.[2]  ECF No. 21 at PageID #: 261.

Plaintiff successfully met the first testing requirement by taking the Ohio Environmental Protection Agency Class I Water Operator Certificate examination on August 31, 2018, less than a week before the September 5, 2018 cutoff.  Id. at PageID #: 272; ECF No. 23 at PageID #: 381. Although Plaintiff did not obtain her Certificate from the first examination, Defendant provided

_____

[2]  Plaintiff was required to obtain (1) a score of at least 35% on the Ohio Environmental Protection Agency Class I Water Operator Certificate examination by September 5, 2018, and (2) a passing result for the same examination and tender a Class I Water Operator Certificate on or before September 5, 2019.

2

(4:21-CV-01029)

Plaintiff with free access to preparatory courses, reimbursement for her first unsuccessful attempt at the Certificate examination, and multiple written notices of the Certificate requirement and the associated due dates.  ECF No. 21 at PageID #: 159, 258, 272, 282, 288.  As late as August 9, 2019, Plaintiff had not registered to retake the Certificate examination.  *Id*. at PageID #: 165. Plaintiff then requested leave under FMLA which began on August 18, 2019, so that she could undergo medical tests that would later reveal a diagnosis of Multiple Sclerosis.  *Id*.  Plaintiff did not complete the second testing requirement or obtain the required Certificate prior to the September 5, 2019, cutoff, which passed while she was on FMLA leave.  ECF No. 19 at PageID #: 103.  On September 9, 2019, Defendant informed Plaintiff that after her return from FMLA leave, she would be reassigned to a Consumer Service Representative role at the pay rate of her previous Executive Secretary role because she had not obtained the required Certificate by September 5, 2019.  ECF No. 21 at PageID #: 289.  Plaintiff's pay for the Consumer Service Representative position was to be equal to her pay as an Executive Secretary, which was $3.69 less per hour than the Shift Lead position.  *Id*. at PageID #: 258, 289.

After returning from leave in November of 2019, Plaintiff met with Defendant and requested that she be assigned to a position other than the Consumer Service Representative role as Plaintiff had concerns about the stress of that role exacerbating the symptoms of her Multiple Sclerosis.  ECF No. 26 at PageID #: 833.  Defendant initially offered Plaintiff a position with the City of Warren Police Department – Plaintiff declined.  ECF No. 21 at PageID #: 184.  Plaintiff was permitted to try several other positions and eventually settled into the role of a Data Entry Operator with the Water Department under Deborah DelBene.  *Id*. at PageID #: 185-187. Defendant also permitted Plaintiff to be flexible with Plaintiff's work hours to accommodate migraines and other symptoms.  *Id*. at PageID #: 197.

3

(4:21-CV-01029)

After being placed in the Data Entry Operator role, Plaintiff made complaints against DelBene to Defendant, accusing DelBene of manipulative and intimidating behaviors in the workplace. *Id.* at PageID #: 219. DelBene has a substantial disciplinary history for similar behaviors. ECF No. 23 at PageID #: 411 – 422. In response to these complaints, Defendant directed Plaintiff and DelBene to conduct all communication through Plaintiff's immediate supervisor, Erica Davis, to reduce Plaintiff's stress arising from interactions with DelBene. *Id.* at PageID #: 422 – 423. The evidence suggests that both Plaintiff and DelBene have not complied with this instruction. *Id.* at PageID #: 423 – 424.

Notably, nothing in the record suggests that Plaintiff ever asked for more time to complete her certificate or to return to the Shift Lead position. Rather, Plaintiff has since requested to be placed in a clerical role in the Water Treatment Plant that management has decided not to fill since the previous employee in that position passed away. *Id.* at PageID #: 363 – 364. Defendant cites redundancy and cost savings as reasons for leaving the position unfilled. *Id.*

## II.  Discussion

### A.  Summary Judgment Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Scola v. Publix Supermarkets, Inc.*, 557 F. App'x 458, 462 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). The fact under dispute must be "material," and the dispute itself must be "genuine." A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In determining whether a factual issue is "genuine," the Court assesses whether the evidence is such that a reasonable jury could find that the non-moving party is entitled to a verdict. *Id.* ("[Summary judgment] will not lie . . . if the evidence is such that a reasonable jury

4

(4:21-CV-01029)

could return a verdict for the nonmoving party").  The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of an essential element in the pleadings, depositions, answers to interrogatories, and admissions on file.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To survive summary judgment, the non-moving party "must 'do more than simply show that there is some metaphysical doubt as to the material facts.'"  *Baker v. City of Trenton*, 936 F.3d 523, 529 (6th Cir. 2019) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute.  An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved" by a factfinder.  *KSA Enterprises, Inc. v. Branch Banking & Tr. Co.*, 761 F. App'x 456, 464 (6th Cir. 2019) (quoting *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995)).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 613 (6th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  In analyzing a motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party." *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018) (citing *Latits v. Phillips*, 878 F.3d 541, 547 (6th Cir. 2017).

Defendant now moves for summary judgment on Plaintiff's claims for (1) disability discrimination and (2) FMLA interference.  In support, Defendant argues that Plaintiff was

5

(4:21-CV-01029)

repeatedly accommodated, and not entitled to reinstatement or an equivalent position because of the terms of the Memorandum of Understanding.[3]

### B.  Plaintiff's Claim for Disability Discrimination

To establish a *prima facie* claim for failure to accommodate a disability, Plaintiff must show that: 1) she is disabled within the meaning of the ADA; 2) she is otherwise qualified for the position and could perform the essential functions of the job, with or without reasonable accommodation; 3) her employer knew or had reason to know about her disability; 4) she requested an accommodation; and 5) her employer failed to provide the requested accommodation.[4] *O'Donnell v. Univ. Hosps. Cleveland Med. Ctr.*, 833 F. App'x 605, 614 (6th Cir. 2020) (citing *Mosby-Meachem v. Memphis Light, Gas & Water Div.*, 883 F.3d 595, 603 (6th Cir. 2018)).  The parties do not dispute elements one, two, three, and four.  Therefore, Plaintiff must have shown that there is sufficient evidence that a jury could reasonably find that Defendant failed to provide the requested accommodation.  Plaintiff argues that she was not sufficiently accommodated because she was not given the specific position that she desired and others with similar conditions had been placed in that position.  ECF No. 33 at PageID #: 998 – 1004.  Defendant argues that

---

[3]  Plaintiff abandons her state law disability harassment/hostile workplace claim in a footnote of her opposition, without having provided notice to Defendant or the Court, in violation of the Case Management Conference Order.  ECF No. 8 at PageID #: 59 ("Absent written consent of the adverse party, the party seeking to amend at least must alert the Court and the adverse party to the substance of the proposed amendment by filing a Motion for Leave with an accompanying memorandum of law").

[4]  Because Ohio state-law disability claims rise or fall with an employee's claims under the Americans with Disabilities Act of 1990 ("ADA"), the Court may apply the ADA statutory framework and case law to analyze Ohio claims.  *O'Donnell v. Univ. Hosps. Cleveland Med. Ctr.*, 833 F. App'x 605, 614 (6th Cir. 2020) (citing *Rorrer v. City of Stow*, 743 F.3d 1025, 1031 (6th Cir. 2014)).

(4:21-CV-01029)

Plaintiff was sufficiently and repeatedly accommodated when she was permitted to try multiple jobs, and was given attendance accommodations.  ECF No. 24-1 at PageID #: 521 – 523.

The evidence shows that Plaintiff requested that she be reassigned to a lower stress position to avoid exacerbating her Multiple Sclerosis symptoms.  In response, Defendant met with Plaintiff to discuss available alternatives and offered her a different position with the Police Department.  Plaintiff rejected this accommodation and, in doing so, ended Defendant's obligations to her under the ADA.  *Hedrick v. W. Rsrv. Care Sys.*, 355 F.3d 444 (6th Cir. 2004) ("if an individual rejects a reasonable accommodation, the individual will no longer be considered a qualified individual with a disability").  Even then, Defendant continued to allow Plaintiff to try different positions before Plaintiff accepted a position as a Data Entry Operator as sufficiently accommodating.  After providing this accommodation, Defendant made further efforts to abate Plaintiff's stress in her new position by assigning Davis to act as an intermediary between Plaintiff and DelBene when Plaintiff reported their contentious interactions.

Plaintiff asserts that Defendant should accommodate her further by placing her in the clerical role at the Water Treatment Plant.  Plaintiff's argument is rejected as "an employee cannot force her employer to provide a specific accommodation if the employer offers another reasonable accommodation."  *Talley v. Fam. Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1108 (6th Cir. 2008).  Because the accommodations provided by Defendant were reasonable and in excess of the requirements of the ADA, no reasonable jury could find that Defendant failed to grant appropriate accommodation to Plaintiff.  Summary judgment is granted on this claim.

**C.  Plaintiff's Claim for FMLA Interference**

The FMLA requires employers to provide up to twelve weeks of leave during a twelve-month period when a qualifying employee experiences a serious health condition.  29 U.S.C. §

(4:21-CV-01029)

2612.  The FMLA also requires employers to restore the employee on return from leave to the position held by the employee when the leave commenced or to a position with equivalent employment benefits, pay, and other terms and conditions of employment.  29 U.S.C. § 2614.  The similarity requirement for an equivalent position has been clarified as meaning "one that is virtually identical to the employee's former position in terms of pay, benefits, and working conditions, including privileges, perquisites and status" and "the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority."  29 C.F.R. § 825.215(a).  The FMLA does not entitle an employee, however, to any "right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave."  *Id*.

To succeed on a claim for FMLA interference, Plaintiff must navigate the *McDonnell Douglas* burden shifting framework.  *Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).  Under this framework, if a plaintiff can establish a *prima facie* case for FMLA interference, a defendant may then show a legitimate nondiscriminatory reason for the employment action that may be rebutted by a showing from the plaintiff that the proposed reason was mere pretext.  *Id*.  To establish a *prima facie* case for FMLA interference, Plaintiff must show the following elements:

> (1) she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of her intention to take leave; and (5) the employer denied the employee FMLA benefits to which she was entitled.

*Donald*, 667 F.3d at 761 (citing *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005)). The parties do not dispute elements one, two, three, and four.  Therefore, Plaintiff must show that there is sufficient evidence such that a reasonable jury could find that Defendant denied Plaintiff FMLA benefits to which she was entitled.

8

(4:21-CV-01029)

Plaintiff argues that by being returned to a different position at a lower rate of pay after her leave, Defendant interfered with her rights under the FMLA. ECF No. 33 at PageID #: 992 – 994. Defendant argues it was barred from returning Plaintiff to her Shift Lead position due to the Memorandum of Understanding, and returning Plaintiff to an equivalent rate of pay she was receiving at the time she began FMLA leave would confer a greater benefit on Plaintiff than she would have received had she not taken the leave. ECF No. 24-1 at PageID #: 518 – 521. Defendant cites to the Memorandum of Understanding, noting that Defendant was required to remove Plaintiff from the Shift Lead position and place her in another position at her former rate of pay as an Executive Secretary because Plaintiff failed to obtain the Certificate by the agreed upon date. *Id*.

The right of an employee to reinstatement after exercising FMLA rights is not absolute.[5] It is not sufficient for a plaintiff to show that an employer simply denied an extant right under FMLA, it must be a right to which the plaintiff was entitled. *Donald*, 667 F.3d at 761. The Sixth Circuit has clarified this requirement: "[i]f an employer takes an employment action based, in whole or in part, on the fact that the employee took FMLA-protected leave, the employer has denied the employee a benefit to which he is entitled." *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 447 (6th Cir. 2007). The evidence shows that Defendant took an employment action based not on Plaintiff's FMLA leave, but on Plaintiff's failure to abide by a long-standing agreement that Plaintiff would obtain the required Certificate no later than two years after her appointment to the

---

[5] 29 C.F.R. § 825.216; *Edgar v. JAC Prods., Inc.*, 443 F.3d 501 (6th Cir. 2006) (holding that an employee was permissibly terminated when she was unable to return to work at the end of FMLA leave); *Arban v. W. Pub. Corp.*, 345 F.3d 390, 401 (6th Cir. 2003) ("An employee lawfully may be dismissed, preventing him from exercising his statutory rights to FMLA leave or reinstatement, but only if the dismissal would have occurred regardless of the employee's request for or taking of FMLA leave.").

9

(4:21-CV-01029)

Shift Leader position.  Plaintiff was aware of her obligations under the Memorandum of Understanding and knew that if she failed to timely obtain the required Certificate, she would be returned to another position at the same rate of pay as her former Executive Secretary role.  By Plaintiff's own admission, she had not even registered for the Certificate examination with less than one month remaining to do so.  Because Plaintiff has not shown a connection between her exercise of FMLA rights and the employment action taken by Defendant, Plaintiff has failed to make a *prima facie* showing of interference.

Even if Plaintiff had made such a showing, Defendant would satisfy its burden to show a legitimate, nondiscriminatory reason for its employment action against Plaintiff.  *Donald*, 667 F.3d at 761.  Plaintiff's failure to obtain the Certificate required by the Memorandum of Understanding is such a reason.  The abundance of well documented notice to Plaintiff regarding the Certificate requirement similarly precludes any showing from Plaintiff that this reason was mere pretext.  Because no reasonable jury could find that Plaintiff has made a *prima facie* showing of interference and Defendant had a legitimate nondiscriminatory reason for its actions that Plaintiff has not shown to be mere pretext, the Court grants summary judgment with on this claim.

### D.  Plaintiff's Claim Raised on Summary Judgment

Plaintiff has raised, for the first time in her opposition, the issue of whether Defendant should have provided more time after her return from FMLA leave for her to obtain the Certificate.  ECF No. 33 at PageID #: 992 – 994.  Plaintiff relies on 29 C.F.R. § 825.215(b), which states:

> If an employee is no longer qualified for the position because of the employee's inability to attend a necessary course, renew a license, fly a minimum number of hours, etc., as a result of the leave, the employee shall be given a reasonable opportunity to fulfill those conditions upon return to work.

Defendant relies on cases from outside the Sixth Circuit to support its argument that § 825.215(b) applies only to individuals whom already possessed a professional license prior to taking FMLA

(4:21-CV-01029)

leave and were unable to renew that license while on leave, as opposed to Plaintiff who had yet to initially obtain the required Certificate.[6] The Sixth Circuit has not resolved this question; and the undersigned need not rule on this issue because Plaintiff's allegation is absent from the Complaint and was raised only in opposition to dispositive motion. "A plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion." *Hoffman v. O'Malley*, 447 F. Supp. 3d 629 (N.D. Ohio 2020) (*aff'd on other grounds*, *Hoffman v. O'Malley*, 849 F. App'x 535 (6th Cir. 2021)) (citing *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784 (6th Cir. 2005)).

### III. Conclusion

For the reasons above, Defendant's Motion for Summary Judgment (ECF No. 24) is granted.

IT IS SO ORDERED.

July 20, 2022                                      /s/ Benita Y. Pearson
Date                                                    Benita Y. Pearson
                                                             United States District Judge

---

[6] *See, e.g.*, *Jewell v. Reid's Confectionary Co.*, 172 F. Supp. 2d 212 (D. Me. 2001); *Aponte v. Brown & Brown of Fla., Inc.*, 806 F. App'x 824 (11th Cir. 2020).

11